13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel Sesario DEPINEDA, Petitioner-Appellant,
v.
Thomas COOPER, Warden, and Gale A. Norton, Attorney General
of the State of Colorado, Respondent-Appellees.
 No. 93-1212.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Manuel DePineda was convicted in state court of first degree murder and sentenced to life in prison. His conviction was upheld by the Colorado Court of Appeals.
 
 
 3
 Subsequently, Appellant filed a pro se petition pursuant to 28 U.S.C. 2254 seeking release from custody. The United States District Court for the District of Colorado dismissed the petition for failure to exhaust state remedies. We grant Appellant's certificate of probable cause to bring this appeal.
 
 
 4
 A pro se litigant's pleadings are held to less stringent standards than those drafted by attorneys and are entitled to a liberal construction. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, issues not raised at the district court level are generally not cognizable on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565 (10th Cir.). By liberally construing Appellant's appeal we have found over twenty issues presented for our review. Needless to say, many of the issues are meritless and are raised for the first time on appeal. Thus we are only concerned with those claims for habeas relief that were presented to the district court.
 
 
 5
 It is axiomatic that a petitioner seeking a writ of habeas corpus must exhaust available state court remedies before a federal court may exercise jurisdiction over the habeas proceeding. Picard v. Connor, 404 U.S. 270, 275; 28 U.S.C. 2254(b). At a minimum this means that the state's highest court must be given a fair opportunity to consider the petitioner's claims for relief. See Picard, 404 U.S. at 276-78.
 
 
 6
 In the case before us, the district court correctly found that Appellant had not appealed his conviction to the Colorado Supreme Court. Rather, after his conviction was upheld by the state appellate court, Appellant filed several original actions with the Colorado Supreme Court which were dismissed apparently because the court did not possess original jurisdiction over these types of actions. In particular, we note that Appellant's Petition for Writ of Habeas Corpus was dismissed by the Colorado Supreme Court "with leave to file in the District Court." However, there is no evidence that Appellant refiled his petition with the state district court.
 
 
 7
 After carefully reviewing the entire record, we are convinced that Appellant has failed to provide the Colorado Supreme Court with a fair opportunity to address the various claims he raises in his petition for habeas relief.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3